## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| The DCH Health Care Authority, *et al.*, | |
| Plaintiffs, | Case No. 1:19-cv-00756-WS-C |
| v. | |
| Purdue Pharma L.P., *et al.*, | |
| Defendants. | |

## BRIEF IN SUPPORT OF
## PLAINTIFFS' EMERGENCY MOTION TO REMAND

## I.      STATEMENT

On September 3, 2019, Plaintiffs  commenced this action, asserting the following six state law claims against the Defendants: (1) negligence; (2) public nuisance; (3) unjust enrichment; (4) fraud and deceit; 5) wantonness; and (6) civil conspiracy . None of the claims asserted by Plaintiffs arise under any federal statute. Among other remedies, Plaintiffs seek injunctive relief, compensatory damages, punitive damages, and abatement of the nuisance created by Defendants.

Notwithstanding the lack of the lack of federal question jurisdiction, the lack of jurisdiction under CAFA and the lack of any other plausible basis for federal jurisdiction, Defendants The Kroger Co. and Kroger Limited Partnership II (hereinafter "Kroger") have removed this action to this Court. The purported basis for removal is (1) that removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because Plaintiffs' claims present a substantial federal question under the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, et seq. and (2) Plaintiffs' lawsuit is also removable under CAFA because: (i) litigation of this case in federal court promotes CAFA's overall purpose; (ii) the lawsuit essentially is a class action suit; and (iii) each of CAFA's statutory

requirements is satisfied. Defendants also raise the issue of fraudulent joinder and nominal defendants in an attempt to excuse the lack of unanimous consent to removal.

Because this action raises exclusively state law, non class action claims, the Court should grant the emergency motion to remand.

## II.    ARGUMENT

### A.    The Court Has An Affirmative Obligation to Immediately Determine Whether There Is Federal Jurisdiction

The Supreme Court has long held that, "[w]ithout jurisdiction[,]" this Court, and any other court, "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). Congress agrees, and has made clear that, "[i]f at *any time* […] it appears that [a] district court lacks subject matter jurisdiction,[1] the case *shall* be remanded." *See* 28 U.S.C. § 1447(c) (emphasis added). The Court need not wait for a response to this motion and does not require *any motion at all*—it is well-settled that a court may remand an action on its own initiative should subject matter jurisdiction be lacking. *See, e.g.*, *Anderson v. Burgess*, 2006 WL 335519, at *1 (E.D. Tenn. Feb. 14, 2006) ("A district court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases in which subject matter jurisdiction is lacking.") (citing *Franchise Tax Board v. Construction Laborors Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc.*, 72 F.3d 1253, 1254 (6th Cir.1996)); *Probus v. Charter Comm., LLC*, 234 Fed. Appx. 404, 406 (6th Cir. 2007) (finding that "[c]ourts must examine subject matter jurisdiction ['] on their own initiative[']" and that a district court "should have" remanded a case to state court based on the lack of subject matter jurisdiction *sua sponte* even in the absence of a motion to remand).

---

[1] For the reasons stated in Section II(B), *infra*, the Court lacks subject matter jurisdiction over this action.

Respectfully, Plaintiffs ask this Court to summarily remand this action to the Circuit Court of Conecuh County, Alabama, or in the alternative, shorten the briefing schedule on this motion pursuant to Fed. R. Civ. P. 6(c). Without an expeditious ruling on this motion before this case is transferred to the National Opiate Litigation MDL in the Northern District of Ohio, the adjudication of Plaintiffs' claims against Defendants would be indefinitely delayed.

An expedited resolution of the motion is particularly appropriate because Defendants presented no valid basis for removal, as the same purported bases for federal jurisdiction have been rejected by courts across the country. The "federal question" issue is not novel and is not in dispute. Resolving it will not create any possibility of inconsistent determinations. Defendants have failed to cite a single decision adopting their tired "federal question" argument. To the contrary, courts have *unanimously* and *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors, and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court.[2]

---

[2] *See, e.g.*, *Kingman Hosp. Inc. v. Purdue Pharma L.P., et al.*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (granting hospital plaintiffs' emergency motion to remand without further response by defendants to the motion, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P., et al.*, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P., et al.*, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P., et al.*, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte, et al. v. Perdue Pharma L.P., et al.*, Case No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. Bd. of Arlington Cty. v. Purdue Pharma, L.P., et al.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P., et al.*, 2019 WL 2211670 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston, et al. v. Purdue Pharma L.P., et al.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P., et al.*, 2018

Given Defendants' knowledge of adverse decisions by numerous federal courts rejecting their "federal question" argument in removal proceedings and because Kroger's assertion of removal jurisdiction under CAFA is patently frivolous, the only possible reason for Defendants to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL. An expedited briefing schedule here is warranted, "because the right to litigate in the MDL depends on the existence of federal jurisdiction in the first place." *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Md. Apr. 25, 2018) (citing Manual for Complex Litigation § 20.131 (4th ed. 2004)). "[I]f the federal court has no jurisdiction over a matter, then it can neither stay it nor transfer it to the MDL." *Craft v. United Insurance Co.*, 2002 WL 32509283, at *1 (S.D. Miss. 2002) (collecting cases from Alabama, West Virginia, Pennsylvania, New Jersey, New York, California and Wisconsin).

Even after motion practice concerning MDL transfer is pending before the JPML, this Court retains the authority[3] and responsibility to evaluate its subject matter jurisdiction. Its "first

---

WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.,* MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah County, Utah v. Purdue Pharma, L.P., et al.*, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P., et al.*, 2018 WL 2942346, (D.N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Delaware v. Purdue Pharma L.P., et al.*, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, 2017 WL 357307 (S.D.W. Va. Jan. 24, 2018) (granting motion to remand, finding no federal question jurisdiction existed).

[3] This Court's ruling on Plaintiffs' Emergency Motion to Remand is in *no way* affected by the pendency of a motion for transfer to the MDL. Rule 2.1(d) of the Rules of the Judicial Panel on Multidistrict Litigation states:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend order and pretrial

step should be to make a preliminary assessment of the jurisdictional issue," and, if this first step indicates that removal was improper, "then the court 'should promptly complete its consideration and remand the case to state court'" before the JPML makes a determination as to MDL transfer. *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001)). The Court should follow the lead of those other federal district courts that have expeditiously remanded opioid-related actions before they can be transferred to the MDL Court. *Mayor & City Council of Baltimore v. Purdue Pharma L.P. et al.*, 2018 WL 1963816, at *3 (D. Mar. Apr. 25, 2018).[4]

If this Court does not act expeditiously, given that the MDL court has placed a moratorium on all motions to remand,[5] and "[t]here is no guarantee of when that heavily burdened [MDL] court

---

proceedings in the district court in which the action is pending and *does not in any way limit* the pretrial jurisdiction of that court. (emphasis added)

Accordingly, "[d]uring the pendency of a motion (or show cause order) for transfer, … the court in which the action is pending retains jurisdiction over the case." *See* Manual for Complex Litigation, Fourth, § 20.131 at 220 (citing J.P.M.L. R. P. 1.5; *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp. 574 (J.P.M.L. 1973); *see also Wayman v. Southard*, 23 U.S. 1, 22 (1825) ("The judicial department is invested with jurisdiction in certain specified cases, in all which it has power to render judgment.").

[4] *See also*, *e.g.*, *Dunaway*, 2019 WL 2211670, at *3 ("It would be a waste of judicial resources for [a] case to proceed" in the federal courts if, ultimately, a federal court is not "the appropriate court to consider plaintiffs' claims.") (quotation omitted); *Estate of Brockel v. Purdue Pharma L.P., et al.*, 1:17-cv-00521-KU-MU, Doc. No. 63 (S.D. Ala. Mar. 29, 2018); *Cty. of Falls v. Purdue Pharma, L.P., et al.*, 2018 WL 1518849 (W.D. Tex. Mar. 28, 2018); *Cty. of Delta v. Purdue Pharma, L.P., et al.*, 2018 WL 1440485 (E.D. Tex. Mar. 22, 2018); *Cty. of Dallas v. Purdue Pharma L.P., et al.*, 3:18-cv-00426-M, slip op. at 7 (N.D. Tex. Mar. 7, 2018); *Brooke Cty. Comm'n, et al. v. Purdue Pharma L.P., et al.*, 5:18-cv-00009, slip op. at 17 (N.D.W. Va. Feb. 23, 2018) (granting Motions to Remand in eight cases brought by counties in West Virginia); *New Hampshire v. Purdue Pharma*, No. 17-CV-427-PB, 2018 WL 333824, at *4 (D.N.H. Jan. 9, 2018); *Cty. of Hopkins v. Endo Health Solutions Inc., et al.*, 4:17-cv-00845-ALM, Doc No. 7 (E.D. Tex. Dec. 20, 2017); *Staubus v. Purdue Pharma, L.P. et al.*, 2017 WL 4767688 (E.D. Tenn. Oct. 20, 2017). *Accord*, *e.g.*, *Baker v. Air Liquid Systems, Inc.*, 2011 WL 499963 (S.D. Ill. Feb. 8, 2011) (remanding action during pendency of transfer motion practice before JPML); *Sandoval v. Bausch and Lomb, Inc.*, 2008 WL 11343014 (C.D. Cal. Aug. 8, 2008) (same); *Moton v. Bayer Corp.*, 2005 WL 1653731 (S.D. Ala. July 8, 2005) (same; citing cases).

[5] *See* Order Regarding Remands, *In re: Nat'l Prescription Opiate Litigation*, No. 17-md-2804, Doc. No. 130 (N.D. Ohio Feb. 16, 2018).

would be able to address the important jurisdictional issues raised here," Defendants' delay strategy would work successfully to delay Plaintiffs' pursuit of justice. *Dunaway*, 2019 WL 2211670, at *3.

## B. There Is No Federal Subject Matter Jurisdiction and This Action Must Be Remanded

### 1. The Removal Statute Must be Strictly Construed and All Doubts Should be Resolved Against Removal

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citations omitted).

"[R]emoval is entirely a creature of statute" and, as such it is "to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *See also Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly....Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."). "A presumption against federal jurisdiction exists, and federal courts must carefully guard against the temptation to expand beyond the jurisdictional bounds established by Congress." *Staubus*, 2017 WL 4767688, at *1 (citations omitted). As such, the removing defendants "bear the burden of establishing federal court jurisdiction." *Mays v. City of Flint*, 871 F.3d 437, 442 (6th Cir. 2017).

This Court has held that "[b]ecause removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all jurisdictional doubts being resolved in favor of remand to state court. *Brown v. Endo Pharmaceuticals, Inc.*, 38 F. Supp. 1312, 1318 (S.D. Ala 2014) (citing *Scimone v. Carnival Corp.*, 720 F.3d 876, 882)(11th Cir. 2007)(" we strictly construe the right to remove and apply a general

presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand") (citation and internal marks omitted). If the Court determines that the removing party has failed to meet its burden, then the Court should remand the case back to the state court.

With respect to its attempt at federal-question removal under §1331, Kroger seeks to discard the long-standing rule that removal statutes are strictly construed.[6] Kroger asserts that it "need not overcome any artificial presumptions against removal or in favor of remand," because, it says, the rule that removal statutes must be strictly construed against federal subject-matter jurisdiction was abolished by _Breuer v. Jim's Concrete of Brevard, Inc._ 538 U.S. 691 (2003). (Notice of Removal, at 5, n.2).[7] But _Breuer_ held no such thing – Kroger has simply concocted this frivolous argument. In truth, _Breuer_ only addressed whether the Fair Labor Standards Act ("FLSA") provided an _express exception_[8] to the general removal statute, 28 U.S.C. §1441.[9] In fact,

---

[7] The other two cases mentioned by Kroger do not even address removal, so they do not merit discussion.

[8] Section §1441(a) provides, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Examples of express exceptions are in 28 U.S.C. §1445, which provides that certain civil actions in state courts, such as workers' compensation cases, "may not be removed."

[9] _Breuer_ held that an ambiguous provision of the FLSA constituted an express exception as referenced in §1441, when it was "coupled with a federal policy of construing removal jurisdiction narrowly." _Breuer,_ 538 U.S. at 697. _Breuer_ relied on _Shamrock Oil & Gas Corp. v. Sheets_ 313 U.S. 100 (1941), for strict construction of removal statutes. But the express-exception language was added to §1441 after _Shamrock_ was decided, and put the burden on a plaintiff to find an express exception, so _Shamrock_'s strict-construction holding did not apply to the later-amended statute. 538 U.S. at 697-98. Thus, _Breuer_ addressed only the express-exception clause of the general removal statute, which governs how Congress provides what cases <u>cannot be removed</u>. An explicit Congressional statutory prohibition of removal is required. The express-exception clause does not apply to the issue of whether there is federal jurisdiction over cases that <u>can</u> be removed, so long as they arise under federal law, hove complete diversity of citizenship between plaintiffs and defendants, or present other grounds for removal. So, with respect to this latter

every district court in the Eleventh Circuit hold to the contrary to the argument to this day. This is consistent with the Eleventh Circuit's ruling in *Scimone v. Carnival Corp.*, 720 F.3d 876, 882) (11th Cir.2013) (holding that the right to remove is strictly construed and that there is a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are resolved in favor of remand). Thus, Defendant's argument is incorrect and must be rejected.

### 2. This Action Presents No Federal Question

On October 9, 2019, Defendants filed a Notice of Removal asserting federal subject matter jurisdiction under 28 U.S.C. § 1441 contending that "Plaintiffs' claims present a substantial federal question under the Controlled Substances Act ("CSA")". PageID. 4, at ¶12.

Plaintiffs are the masters in deciding what law they will rely upon and may prevent removal by choosing not to plead a federal claim even if one is available. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based" on federal law. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). "Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 115 (1936).

### a. Plaintiffs' Complaint Does Not Assert a Federal Claim

category of cases, *Breuer* did not address, and left intact, the long-standing general rule that removal statutes must be strictly construed, which is why the Eleventh Circuit and all of its district courts still apply that rule in federal-question removals.

["F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. *See also Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (same).

Here, Plaintiffs' claims and allegations contained within its Complaint are *all* founded upon state law, in this instance, the laws of Alabama:

- Claim I is a cause of action for negligence under Alabama common law; Notice of Removal, at 335, XIII.A.
- Claim II is a cause of action for nuisance under Alabama common law; Notice of Removal, at 341, XIII.B..
- Claim III is a cause of action for unjust enrichment under Alabama common law; Notice of Removal, at 344, XIII.C.
- Claim IV is a cause of action for fraud and deceit under Alabama common law; Notice of Removal, at 335, XIII.D.
- Claim V is a cause of action for wantonness under Alabama common law; Notice of Removal, at 352, XIII.E.
- Claim VI is a cause of action for civil conspiracy under Alabama common law; Notice of Removal, at 353, XIII.F.

As Defendants concede, Plaintiffs pleaded *solely* Alabama state common law claims. Thus, the "well-pleaded complaint rule" provides no support for removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010)("a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint.").

### b. The Court Should Join the Other Federal Courts that Have Rejected Defendants Argument That These State Law Claims "Necessarily Rest on a Substantial Federal Question

Having conceded that Plaintiffs have only brought state law claims, Defendants must show that these claims are in that "very narrow category of cases" of state law claims that "necessarily rest on a substantial federal question." The argument that state law claims relating to the opioid crisis "necessarily rest on a substantial federal question" has been repeatedly rejected by the courts, and fails here, too.

The Supreme Court has made it clear that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," and such jurisdiction will only lie in a very narrow category of cases which necessarily rest on a "substantial federal question." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). *Accord Gunn v. Minton*, 568 U.S. 251, 258-60 (2013) (Federal jurisdiction over a state law claim, will lie *only* over a very narrow category of claims when a federal issue is necessarily raised and actually disputed, substantial to the federal system as a whole, *and* capable of resolution in federal court without disrupting the federal-state balance approved by Congress). *See also Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1012 (6th Cir. 2018) (stating that when litigants plead state law claims, "[t]he ['] arising under['] gateway into federal court" only opens if the state law claims implicated "significant federal issues") (citing *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012)). District courts therefore must exercise "prudence and restraint" when determining whether a state cause of action presents a substantial federal question because "determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system." *Merrell Dow*, 478 U.S. at 810.

Thus far, courts, including the MDL court and district courts across the country, have *repeatedly* rejected the efforts by pharmaceutical manufacturers, distributors and national retail pharmacies to characterize state law claims related to the opioid crisis as presenting a "federal question," and have remanded such actions back to state court. *See*, *e.g.*, *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987 at *3 (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes

of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous")[10]; *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 6 (remanding action brought by the State of Montana to a state court in Montana, finding no federal issue was raised by the plaintiff's complaint); *See Tucson Med. Ctr. v. Purdue Pharma, L.P., et al.*, 2018 WL 6629659, at *3 (D. Ariz. Dec. 19, 2018) ("AmerisourceBergen has failed to show that the Plaintiff must prove a violation of federal law in order to prevail on its claims. Under the *Gunn* framework, this is cause enough to order a remand."); *Kingman Hospital Inc. v. Purdue Pharma, L.P., et al.*, Case No. 3:19-cv-08240, Doc. No. 11 (D. Ariz. Aug. 27, 2019); *County of Kern*, 2019 WL 3310668, at *3 ("In short, Plaintiffs do not plead any federal causes of action on the face of their complaint. Their claims do not necessarily raise a federal issue because the claims' validity does not depend on questions of federal law."); *Mecklenburg Cnty.*, 2019 WL 3207795, at *6 ("As a preliminary matter, every Count of the Complaint is a state law claim either under a Virginia statute or Virginia common law. . . . Further, although the Complaint references the CSA and the defendants' reporting requirements under federal law, no claims depend exclusively (or even primarily) on their duty under federal law. Instead, each claim could go forward even without a reference to federal law. Accordingly, the Court does not have federal question jurisdiction over the claims."); *Illinois Public Risk Fund*, 2019 WL 3080929, at *2 ("As many other courts have found in similar cases concerning the manufacture and distribution of opioids, these alleged state-law duties mean that the construction of the Controlled Substances Act is not a necessary part of the plaintiff's claims."); *City of Worcester v. Purdue Pharma et al*, Case No. 4:18-cv-11958-TSH (D. Mass. Nov.

---

[10] The court emphasized that "one of the major objectives of the MDL is to coordinate state and federal litigation. While there are more than 2000 cases in the Opioid MDL, there are hundreds of similar cases in state courts around the country. Procedures have been put in place so that lawyers in state and federal cases can share documents and depositions." *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3.

21, 2018) (remanding the case because allegations regarding defendants' purported violations of the FCSA did not provide a basis for federal question subject matter jurisdiction); *City of Reno*, 2018 WL 5730158, at *4 (ruling that "because the complaint does not ['']necessarily['] raise a ['']disputed and substantial['] federal question, ['][t]his case cannot be squeezed into the slim category *Grable* exemplifies[']") (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 681 (2006)); *Weber County, Utah*, 2018 WL 3747846, at *5 (finding that the plaintiff "asserts only state law claims, and provides bases for the claims which do not arise out of or necessarily depend on an interpretation of a disputed CSA provision" and thus "the Complaint does not necessarily raise federal issues").

In every one of these cases, the defendants contended that state law claims necessarily presented a substantial federal issue because the claims somehow arose under the CSA or otherwise necessarily were based, somehow, on the federal regulatory scheme pertaining to pharmaceutical products.

In every one of these cases, the defendants contended that state law claims necessarily presented a substantial federal issue because the claims somehow arose under the CSA or otherwise necessarily were based, somehow, on the federal regulatory scheme pertaining to pharmaceutical products. In every one of these cases, the defendants lost. Yet, they persist in removing cases in which similar state law claims are asserted.


For instance, in *City of Granite City, Ill. v. AmerisourceBergen Drug Corp.*, No. 18-CV-1367 (S.D. Ill. July 13, 2018), defendants had removed the case based on federal question. The district court remanded the action to state court, *sua sponte*, without awaiting a formal motion to

remand. This is just one of a long list of federal district court decisions rejecting the notion that state law claims (similar to those asserted here) give rise to a "federal question." [11] The same lines of arguments have been raised and repeated, and flatly rejected, in two recent actions brought by hospitals. *See Tucson Med. Ctr.*, 2018 WL 6629659, at *1 (Defendants argued that "state law claims [that] necessarily raise federal questions under 21 U.S.C. §§ 801, the Controlled Substances Act ("CSA")."); *Kingman Hospital Inc.*, Case No. 3:19-cv-08240, Doc. No. 11, at 2 ("Defendants thus argue that Plaintiffs' [']right to relief necessarily depends on resolution of a substantial question of federal law[']—namely, responsibilities under the Controlled Substances Act.") (citation omitted).

Moreover, substantially similar arguments have been rejected by this Court in a case involving one of the pharmaceutical manufacturers that is a defendant in this case. *Brown*, 38 F. Supp. at 1319 (determining that "Endo has not satisfied its burden of showing that this action lies within the " slim category of cases" in which federal question jurisdiction may be gleaned from purely state-law tort claims based on the existence of a substantial federal question"). In *Brown*, Endo Pharmaceuticals, Inc., one of the Defendants in this matter, removed a state court action for negligence and wantonness under Alabama law and argued that "a substantial federal issue [was] presented . . . because [the plaintiff's] state law negligence and wantonness claims 'depend entirely upon construction and application of the federal Controlled Substances Act (CSA) and its enabling regulations.'" *Id.* at 1319 (quoting Endo's Notice of Removal). This Court properly determined that there would not be federal question jurisdiction under the substantiality prong of the *Grable* test even if the question of duty was controlled by the CSA. *Id.* at 1320 (referencing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 318 (2005)).

---

[11] *See supra* n.2.

Notwithstanding the tidal wave of adverse decisions on this issue by other courts, Defendants here, as there, argue that the state law claims somehow arise under federal law, but the basis for their contention is the scant references to federal statutes in the Complaint. These contentions are baseless.

First, the FCSA "provides no federal cause of action." *New Mexico*, 2018 WL 2942346, at *4. The fact that there is no cause of action under the FCSA itself strongly militates against the notion that state law claims relating to its subject matter necessarily implicate substantial federal questions. The "congressional determination [that] there should be no federal remedy for the violation of th[e] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently [']substantial['] to confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 814. "Congress' withholding a private right of action ... is an important signal to its view of the substantiality of the federal question involved." *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 552 (6th Cir.2006). Because Congress did not create a private federal remedy for violations of the FCSA, Defendants must establish "more than a federal element to open the arising under door." *Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006); *New Mexico*, 2018 WL 2943246 at *4. "When we conclude that Congress has decided not to provide a particular federal remedy, we are not free to [']supplement['] that decision in a way that makes it [']meaningless.[']" *Merrell Dow Pharm.*, 478 U.S. at 812 n.10.

Second, and more importantly, when a claim may be supported by a federal law theory which establishes federal jurisdiction but *also* an alternative theory which would *not* require resolution of "substantial federal questions," federal jurisdiction *does not exist*. *Christianson v.*

*Colt Industries Operating Corp.*, 486 U.S. 800, 810 (1988) (finding that if a claim is supported not only by a theory establishing federal subject matter jurisdiction but *also* by an alternative theory which would *not* establish such jurisdiction, then federal subject matter jurisdiction *does not exist*)). *See also Cavette v. Mastercard Int'l, Inc.*, 282 F. Supp. 2d 813, 819 (W.D. Tenn. 2003) (finding no federal jurisdiction existed because "even if federal law could form a basis for Plaintiff's TCPA claim, the presence of an alternate theory of relief based entirely on state law is sufficient to block federal court jurisdiction") (*citing Christianson*, 486 U.S. at 810).

Mere references to federal laws and regulations simply "do [] not operate to unlock the federal courts." *West Virginia*, 2017 WL 357307, at *8. *Accord Eastman*, 438 F.3d at 553 (concluding that "reference in the plaintiff's complaint to the federal statutes cited as a source of public policy does not create a substantial federal question"). The Complaint, like others asserted against the defendants elsewhere, cannot be plausibly construed as asserting claims that necessarily require resolution of substantial federal questions because it invokes many duties and requirements arising under state law. *See Delaware*, 2018 WL 1942363, at *2 (finding that "[a]lthough the complaint addresses some duties or requirements under the FCSA, the complaint also lists several other duties and standards that arise solely under state statutory or common law," and thus "it is possible for the state law claims to be resolved solely under state law").

Defendants also suggested that because certain of the Alabama statutes cited in the Complaint incorporate federal standards, that somehow created a federal question. PagID. 8, ¶25. This is simply wrong. In fact, the Supreme Court in *Merrell Dow* flatly "rejected" the "suggestion" (that had previously gained traction in some courts) that "where a state law incorporates federal law as the applicable state standard… this is enough to create federal-question jurisdiction…." *See Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 89 (5th Cir. 1986) (citing *Merrell Dow*, 478 U.S. at 817,

holding that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.").

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, the Supreme Court reiterated this conclusion, pointing out that "if the federal labeling standard without a federal cause of action could get a state claim into federal court, *so could any other federal standard without a federal cause of action.*" 545 U.S. 308, 318 (2005) (emphasis added). *See also Cooper v. International Paper Co*., 912 F. Supp. 1307 (S.D. Ala. 2012)("What the Supreme Court's opinions in *Grable* and *Empire Healthchoice Assurance* teach is that something more is required for a federal interest to be "substantial" than the mere fact that the state court will be asked to follow federal standards— that is, apply federal law— "in the context of adjudicating a state law claim")(quotations omitted).

Even if one or more of Plaintiffs' state law claims were premised *in part* on violations of federal law, that, by itself would not be enough to invoke federal jurisdiction. As this Court has ruled, "[e]ven if the Court were convinced that Plaintiff's claims necessarily raised a federal issue, it would have jurisdiction over this case *only if* that federal question is "substantial." *MacManus*, 2008 WL 2115733, at *7 (emphasis added). "[T]he presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899, at 5 (N.D. Ohio Aug, 23, 2018) (quoting *Merrell Dow Pharm.*, 478 U.S. at 814). A state court "is competent to apply federal law, to the extent it is relevant," particularly, when as here, the claims pleaded are governed by state law. *Empire HealthChoice*, 547 U.S. at 681.

In sum, the Circuit Court of Conecuh County, Alabama need not "necessarily" resolve any "substantial" federal question to adjudicate Plaintiffs' claims, much less one that would rise to the level of significant public importance "substantial to the federal system as a whole" as defined in *Gunn*.

### 3. There Is No Federal Subject Matter Jurisdiction Under CAFA

Kroger's argument for CAFA jurisdiction is frivolous. CAFA only extends jurisdiction over class actions and mass actions, and this case does not meet the statutory definition of either.

CAFA defines the term "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). A "mass action" is considered a class action removable under CAFA jurisdiction. *Id.* at §1332(d)(11)(A). A "mass action" is defined as any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly." *Id.* at §1332(d)(11)(B)(i). This action is not a mass action because there are fewer than 20 plaintiffs. And this action is not a class action because Plaintiffs have not brought it in a representative capacity on behalf of others.

In this regard, Kroger says that in Paragraph 705 of the Complaint, "Plaintiffs purport to bring claims on behalf of 'among others, individuals, families, and hospitals.'" (Notice of Removal, at 20, ¶67). Kroger is wrong, however. Paragraph 705 does not purport to bring claims in a representative capacity on behalf of others in any respect. Paragraph 705 reads in full, "The unlawful diversion of prescription opioids is a direct and proximate cause of the opioid epidemic, prescription opioid abuse, addiction, morbidity and mortality, with social and financial costs borne by, among others, individuals, families and hospitals." This is nothing but a recital of the results of prescription-opioid diversion and an identification of some who have been affected by those

results.  Contrary to Kroger's allegation, Paragraph 705 nowhere states that Plaintiffs bring claims "on behalf of" individuals, families, and hospitals.  Representative-capacity language is notably missing, and without such language, there is no class action.

Kroger notes further recitations by the Plaintiffs of the injuries inflicted by the opioid epidemic. (Notice of Removal, at 20, ¶ 68).  But again, there are no representative-capacity allegations by Plaintiffs.  Kroger also says, "Plaintiffs' alleged injuries derive only as a result of its residents' alleged injuries and thus cannot be separated from the injuries that it alleges its residents have incurred."  (Notice of Removal, at 21, ¶ 69).  It is not surprising that Kroger cites no authority for the remarkable proposition that a suit for allegedly derivative injuries is actually a class action.  Derivative injuries are one thing; a suit brought in a representative capacity is another.

Kroger's musings on legislative history, when the statutory definitions are clear, and its dissertation on why the exercise of CAFA jurisdiction would be consistent with CAFA, are all irrelevant, because the unambiguous statutory definitions control.  When statutory language is clear, legislative history will not be consulted.  *CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001).  The plan and unambiguous language of a statute must prevail.  *Lanier v. U.S. Atty. Gen.,* 631 F.3d 1363, 1365 (11th Cir. 2011).  CAFA plainly and unambiguously requires, for a class action, an action brought by "representative persons," that is, persons acting in a representative capacity on behalf of others.  *See Black's Law Dictionary* (11th ed. 2019) A "representative" is "Someone who stands for or acts on behalf of another."

The Court should not credit Kroger's citation of *AT&T Mobility LLC v. Smith*, 2011 WL 5924460 (E.D. Pa. Oct. 6, 2011).  That case is distinguishable because it involved arbitration, not litigation, and there were over 1,000 duplicative individual arbitrations, when there are *not even*

*20* named plaintiffs in this case. More to the point, this case does not have – and as a lawsuit, cannot have – the "hallmarks" of class arbitration that were present in *Smith*. *Id.* at *6-*8. Kroger's other cited cases also provide it no help. *West Virginia ex rel. McGraw v. Comcast Corp.,* 705 F. Supp. 2d 441 (E.D.Pa.2010), involved a West Virginia statute that allowed the state attorney general to bring an action in a representative capacity on behalf of state residents in antitrust cases. Moreover, it based its holding on *Louisiana ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418 (5th Cir.2008). That case held that a *parens patriae* action brought by a state on behalf of its citizens was actually a mass action within the meaning of CAFA and therefore removable under CAFA. But *Caldwell* was abrogated by *Mississippi ex rel. Hood v. AU Optronics Corp.*, 135 S.Ct. 736 (2014), which held that a mass action under CAFA requires 100 or more named plaintiffs, not 100 or more persons who are real parties in interest.

This Court should summarily reject Kroger's legally and factually unsupported assertion of CAFA jurisdiction.

### C. Kroger Has Failed to Establish Unanimous Consent to Removal

"When a civil action is removed under Section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A § 1446(b)(2)(A); *see also Newman v. Spectrum Stores, Inc.,* 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citations omitted); *Russell Corp. v. American Home Assur. Co.,* 264 F.3d 1040, 1049 (11th Cir. 2001). As Kroger has failed to establish or obtain the consent of all defendants who have been "properly joined and served," the Court should remand this cause of action. [12]

---

[12] The only "consent" to removal filed on behalf of the remaining co-defendants is a statement in the Notice of Removal that the "Removing Defendants have sought and received consent from each of the properly served defendants except for one individual," PageID #25, ¶89, and an unsigned "Consent to Removal" listing Defendants who have been served and purportedly consent to removal. PageID #25, ¶89. This is insufficient to satisfy the unanimity requirement that "each defendant must join in the removal by signing the notice of removal or by explicitly stating for

Initially, Kroger admits that it does not have the consent of Defendant Vanessa Weatherspoon to the removal of this action. Notice of Removal, at 25, ¶89. The only arguments presented by Kroger is that the consent of Defendant Vanessa Weatherspoon is not required because she is a nominal or fraudulently joined defendant. In both of these arguments Kroger asserts that the allegations of the complaint preclude a finding of liability against Defendant Vanessa Weatherspoon.

In evaluating this type of fraudulent joinder claim, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir.1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998). The test for determining whether a defendant is "nominal" is basically identical. *See GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350 (S.D. Ala. 2003)( quoting *Black's Law Dictionary* to define a nominal party as "a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects," giving as an example "the disinterested stakeholder in a garnishment action." *Black's Law Dictionary* 1145 (7th ed.1999)).

---

itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)." *Leaming v. Liberty Univ., Inc.*, No. CIV.A.07 0225 WS C, 2007 WL 1589542, at *2-3 (S.D. Ala. June 1, 2007); *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1328 (M.D. Fla. 2003) (citation omitted)); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988) ("there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to" removal).

There are clearly valid causes of action alleged in the complaint against Defendant Vanessa Weatherspoon. Under Alabama law, a principal and an agent can be classified as joint tortfeasors. *Barnes v. Westpoint Foundry & Mach. Co.*, 441 F.2d 532 (5th Cir. 1971). It is also clear that a fraud claim can be asserted against an agent separate and apart from the principal. *Ingram v. American Chambers Life Ins. Co*., 643 So. 2d 575 (Ala. 1994)(remanding case for trial including bad faith claim against insurance carrier and fraud claim against agent). Moreover, Kroger's argument about the Purdue sales representatives purported lack of knowledge of the fraudulent scheme not only misstates the allegations of the complaint but is irrelevant, because lack of knowledge would not foreclose liability for a sales representative under Alabama law. This is because Alabama law states "Misrepresentations of a material fact made willfully to deceive or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." AL. CODE §6-5-101 (1975).

As Kroger has failed to make a clear and convincing showing that there is no possibility the plaintiffs can establish a cause of action against Vanessa Weatherspoon, Kroger has failed to establish fraudulent joinder and this matter should be remanded to the Circuit Court of Conecuh County, Alabama. *See Brown*, 38 F. Supp.3d at 1319(finding that Endo has failed to meet the burden of establishing fraudulent joinder for diversity purposes).

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully pray that, pursuant to 28 U.S.C. § 1447(c), this action be promptly remanded to the Circuit Court of Conecuh County, Alabama.

DATED:                                    Respectfully Submitted,

                                          /s/ *Robert C. King*_____
                                          ROBERT C. KING
                                          KINGR5992
                                          *Attorney for All Plaintiffs*
                                          THE KING LAW FIRM, P.C.
                                          36 W. Claiborne St.
                                          Monroeville, AL 36460
                                          Telephone: (251) 575-3434
                                          Facsimile: (251) 575-3003
                                          Email: rcking@frontiernet.net

                                          /s/ *Lloyd Copeland*_____
                                          LLOYD COPELAND
                                          COPW3831
                                          *Attorney for All Plaintiffs*
                                          Taylor Martino, P.C.
                                          P.O. Box 894
                                          Mobile, AL 36601
                                          Telephone: (251) 433-3131
                                          Facsimile: (251) 405-5080
                                          E-Mail: lloyd@taylormartino.com


Steven A. Martino
*Attorney for All Plaintiffs*
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
E-Mail: stevemartino@taylormartino.com


Johnson Russell Gibson, III
*Attorney for Plaintiff The DCH*
*Health Care Authority*
JOHNSON RUSSELL GIBSON, III GIB005
Phelps, Jenkins, Gibson & Fowler, LLP
P.O. Box 020848
Tuscaloosa, AL 35402-0848
Email: RGibson@pjgf.com

John W. ("Don") Barrett
Sterling Starns
David McMullan, Jr.
Richard Barrett
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
jonc@cuneolaw.com
monica@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

## CERTIFICATE OF SERVICE

I, Robert C. King, do hereby certify that I have on this the 6th day of March, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF CM/ECF system. Notice of this filing will be sent by operation of the Court's system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Thomas E. Walker (ASB-4697-E57T)
H. Eli Lightner II (ASB-0138-N71L)
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North, Suite 500
Birmingham, Alabama 35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
twalker@whitearnolddowd.com
elightner@whitearnolddowd.com

Paul J. Cosgrove
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Telephone:  (513) 698-5000
Facsimile:  (513) 698-5001
pcosgrove@ulmer.com

Sarah Miller Benoit, Esq.
Joshua A. Klarfeld, Esq.
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
614-229-0016
sbenoit@ulmer.com
jklarfeld@ulmer.com

*Attorneys for Defendants Amneal Pharmaceuticals,*
*Inc. and Amneal Pharmaceuticals LLC*

Sean O. Morris
ARNOLD & PORTER KAYE
SCHOLER LLP
777 S. Figueroa St., Suite 4400
Los Angeles, CA 90017
Telephone:  (213) 243-4000
sean.morris@arnoldporter.com

*Attorney for Defendants Endo Health Solutions Inc.,*
*Endo Pharmaceuticals Inc., Par Pharmaceutical,*
*Inc., and Par Pharmaceuticals Companies, Inc.*

Zachary A. Ciullo
Timothy Knapp
Michael Finnegan LeFevour
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Zac.ciullo@kirkland.com
tknapp@kirkland.com
Michael.lefevour@kirkland.com

Jennifer G. Levy
KIRKLAND & ELLIS LLP

24

1301 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 389-5000
jennifer.levy@kirkland.com

*Attorneys for Defendants Allergan Finance, LLC,*
*Allergan Sales, LLC, and Allergan USA, Inc.*

Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile:  (202) 239-3333
daniel.jarcho@alston.com

Cari K. Dawson
Jenny A. Hergenrother
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Telephone:  (404) 881-7000
Facsimile:  (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

Scott D. Powers
David Arlington
BAKER BOTTS LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
Telephone:  (512) 322-2500
scott.powers@bakerbotts.com
david.arlington@bakerbotts.com

Kevin M. Sadler
BAKER BOTTS LLP
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304
Telephone:  (650) 739-7500
kevin.sadler@bakerbotts.com

*Attorneys for Defendant Assertio Therapeutics, Inc.*

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32 Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-3300
wendy.feinstein@morganlewis.com

*Attorneys for Defendants Teva Pharmaceuticals
USA, Inc., Watson Laboratories, Inc., Actavis LLC,
Actavis Pharma, Inc., and Cephalon, Inc.*

John A. McCauley
VENABLE LLP
750 E. Pratt St., Ste. 900
Baltimore, MD 21202
Telephone: (410) 244-7655
Facsimile: (410) 244-7742
JMcCauley@Venable.com

*Attorneys for Defendants Abbott Laboratories and
Abbott Laboratories Inc.*

Traci J. Irvin
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
traci.irvin@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and
SpecGx LLC*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
clifland@omm.com

Christopher S. Berdy, Esq.
BUTLER SNOW
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203
205-297-2200
Fax: 205-297-2201
Chris.berdy@butlersnow.com

*Attorney for Defendants Johnson & Johnson;*
*Janssen Pharmaceuticals, Inc.; Ortho-McNeil-*
*Janssen Pharmaceuticals, Inc. n/k/a Janssen*
*Pharmaceuticals, Inc.; and Janssen Pharmaceutica,*
*Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Sela S. Blanton
Elizabeth L. Nicholson
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive (35223)
P. O. Box 530886
Birmingham, AL  35253
Telephone:  (205) 879-1100
Facsimile:  (205) 879-4300
sblanton@bainbridgemims.com
bnicholson@bainbridgemims.com

*Attorneys for Defendants The Kroger Co. and*
*Kroger Limited Partnership II*

John A. Henig, Jr. (HEN019)
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
P. O. Box 347
Montgomery, AL  36101-0347
Telephone:  (334) 834-1180
Facsimile:  (334) 834-3172
henig@copelandfranco.com

***Attorney for Defendant Henry Schein, Inc.***

Enu Mainigi
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
emainigi@wc.com
spyser@wc.com
ahardin@wc.com

*Attorneys for Defendant Cardinal Health, Inc.*

George R. Irvine, III (IRV001)
STONE CROSBY, P.C.
8820 U.S. Highway 90
Daphne, AL  36526
Telephone:  (251) 626-6696
Facsimile:  (251) 626-2617
girvin@stonecrosby.com

*Attorneys for Defendants Rite Aid of Alabama, Inc.
and Rite Aid of Maryland, Inc.*

James W. Matthews
Katy E. Koski
Ana M. Francisco
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA  02199
Telephone:  (617) 342-4000
Facsimile:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
afrancisco@foley.com

*Attorneys for Defendant Anda, Inc.*

Christopher Lovrien
Sarah G. Conway
JONES DAY
55 S. Flower St., 50th Floor
Los Angeles, CA  90071
Telephone:  (213) 243-2629
cjlovrien@jonesday.com
sgconway@jonesday.com

*Attorneys for Defendants Walmart Inc. and
Wal-Mart Stores East, LP*

H. Lanier Brown, II (ASB-1705-W51H)
J. Patrick Strubel (ASB-0401-J38S)
David L. Brown, Jr. (ASB-1312-I69D)
WATKINS & EAGER PLLC
1901 1st Avenue North, Suite 300
Birmingham, AL  35203
Telephone:  (205) 598-2110

28

lbrown@watkinseager.com
pstrubel@watskinseager.com
dbrown@watkinseager.com

*Attorneys for Defendants AmerisourceBergen*
*Drug Corporation and H. D. Smith, LLC*

Anne Stone Sumblin
STONE SUMBLIN LAW LLC
600 Highway 52
P. O. Box 345
Kinston, AL  36453
Telephone:  (334) 565-3380
Facsimile:  (334) 565-3076
anne@stonesumblinlaw.com

Lester C. Houtz*
Alex J. Harris*
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
Telephone:  (303) 592-3100
Facsimile:  (303) 592-3140
les.houtz@bartlitbeck.com
alex.harris@bartlitbeck.com

*Attorneys for Defendants Walgreen Co.*
*and Walgreen Eastern Co., Inc.*

Andrew P. Campbell
Cason M. Kirby
CAMPBELL PARTNERS, LLC
505 20th Street North, Suite 1600
Birmingham, AL  35203
Telephone:  (205) 224-0752
Facsimile:  (205) 383-2672
andy@campbellpartnerslaw.com
cason@campbellpartnerslaw.com

Conor B. O'Croinin
J. Michael Pardoe
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD  21202-1031
Telephone:  (410) 949-1160
Facsimile:  (410) 659-0436

cocroinin@zuckerman.com
mpardoe@zuckerman.com

*Attorneys for Defendants CVS Health
Corporation, CVS Pharmacy, Inc., and
CVS Indiana, L.L.C.*

John M. Potter
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94105
Telephone: (415) 875-6600
johnpotter@quinnemanuel.com

Joseph Sarles
Jordan Alexander
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
josephsarles@quinnemanuel.com
jordanalexander@quinnemanuel.com

*Attorneys for Defendant Mark Timney*

Julie Porter
SALVATORE PRESCOTT & PORTER, PLLC
105 E. Main Street
Northville, Michigan 48167
248-679-8711
porter@spplawyers.com

*Attorney for Russell Gasdia*

Blair G. Mattei, Esq.
Michael Upchurch, Esq.
FRAZER GREENE UPCHURCH & BAKER
104 St. Francis Street, Suite 800
P. O. Box 1686 (36633)
Mobile, Alabama 36602
251-431-6020
251-431-6031 Direct
BGM@frazergreene.com
MEU@frazergreene.com

*Counsel for Purdue Pharma LP, Purdue Pharma, Inc. and The Purdue Frederick Company, Inc.*

Ricardo A. Woods, Esq.
BURR & FORMAN
11 N. Water Street, #22200
Mobile, Alabama 36602
251-344-5151
Rwoods@burr.com
*Counsel for Mitchell "Chip" Fisher, Lyndsie Fowler, Chris Hargrave, Brandon Hassenfuss and Joe Read*

Vanessa Weatherspoon
4621 Harvest Way
Montgomery, AL 36106-3138

Dated: October 18, 2019          /s/ Robert C. King          _____
                                 ROBERT C. KING