## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DCH HEALTHCARE AUTHORITY, *et. al.,*<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., *et. al.*,<br><br>Defendants. | C.A. No. 1:19-cv-00756-WS-C |

### MOTION BY KROGER CO. AND KROGER LIMITED PARTNERSHIP II FOR A TEMPORARY STAY PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION

Defendants Kroger Co. and Kroger Limited Partnership II ("Kroger") submit this motion for a temporary stay of all proceedings in this case until the Judicial Panel on Multidistrict Litigation ("JPML") renders a final decision on whether to transfer this action to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17-md-2804 ("Opiate MDL"). This motion is based on the points and authorities that follow, the exhibits attached hereto, the record before the Court, and any oral argument permitted by the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KROGER'S MOTION FOR A TEMPORARY STAY

#### Introduction

Plaintiffs' action is one of more than 2,300 opioid-related lawsuits filed against various defendants, including manufacturers, distributors, and retailers of prescription opioid medications. Plaintiffs seek damages on behalf of doctors, health care payors, and opioid-addicted individuals. Plaintiffs contend that Defendants are liable for injuries incurred as a result of the misuse of prescription opioid medications. On December 5, 2017, the JPML created the Opiate MDL for cases just like this one—cases in which plaintiffs allege that: "(1) manufacturers of

prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017).  To date, thousands of lawsuits have been transferred to the Opiate MDL.  As new lawsuits are filed across the country each week, the JPML continues to transfer actions like this one to the Opiate MDL, including similar cases that originated in state courts[1] and district courts, across the Eleventh Circuit.[2]  The allegations in Plaintiffs' Complaint resembles nearly all of the complaints filed in or transferred to the Opiate MDL.

On October 18, 2019 this case was tagged for transfer to the MDL.  JPML Dkt. No.

---

[1] *See, e.g.*, Butler (Town of) 1:18-cv-00060; 1:18-op-45216 (S.D. Ala.)., Cherokee (Town of) 3:17cv2086 (N.D. Ala.), Jefferson County, et al. 2:18-cv-626 (N.D. Ala.); *Snohomish County v. Purdue Pharma LP*, No. 2:19-cv-00368 (W.D. Wash.); *R D Burns v. Purdue Pharma L.P.*, No. 8:18-cv-00745 (C.D. Cal.); *United HealthCare Servs. Inc. v. Insys Therapeutics, Inc.*, No. 8:19-cv-00545 (C.D. Cal.); *City of San Clemente v. Purdue Pharma L.P.*, No. 3:19-cv-02326 (N.D. Cal.).

[2] *See, e.g.*, *City of San Diego v. Purdue Pharma L.P.*, No. 3:19-cv-00420 (S. D. Cal.); *City of Chula Vista, Cal. v. Amerisourcebergen Drug Corp.* No. 3:19-cv-01115 (S. D. Cal.); *Ada County v. Purdue Pharma, L.P.*, No. 1:19-cv-00216 (D. Idaho); *Idaho v. Endo Health Sols. Inc.*, No. 1:19-cv-00286 (D. Idaho); *City of Pocatello v. Purdue Pharma, L.P.*, No. 4:19-cv-00189 (D. Idaho); *City of Chubbuck v. Purdue Pharma, L.P.*, No. 4:19-cv-00278 (D. Idaho); *Bingham County v. Purdue Pharma, L.P.*, No. 4:19-cv-00294 (D. Idaho); *City of Great Falls v. Purdue Pharma L.P.*, No. 4:19-cv-00008 (D. Mont.); *Missoula County v. Purdue Pharma L.P.*, No. 9:19-cv-00015 (D. Mont.); *Boulder City v. Purdue Pharma L.P.*, No. 2:19-cv-01057 (D. Nev.); *City of Mesquite v. Purdue Pharma L.P.*, 2:19-cv-01058 (D. Nev.); *Moapa Band of Paiute Indians v. Purdue Pharma L.P.*, No. 2:19-cv-01059 (D. Nev.); *County of Curry v. Purdue Pharma, LP*, No. 1:19-cv-00815 (D. Or.); *City of Lakewood v. Purdue Pharma LP*, No. 3:19-cv-05173 (W.D. Wash.); *Pima, County of v. Purdue Pharma LP*, No. 4:19-cv-00166 (D. Ariz.); *Tucson, City of v. Purdue Pharma LP*, No. 4:19-cv-00167 (D. Ariz.); *County of Santa Barbara et al v. Purdue Pharma, L.P.*, No. 2:19-cv-01186 (C.D., Cal.); *County of Ventura v. Purdue Pharma L.P.*, No. 2:19-cv-06799 (C.D. Cal.); *County of Yolo v. Amerisourcebergen Drug Corp.* No. 2:19-cv-00813 (E.D. Cal.); *County of San Mateo v. Purdue Pharma L.P.*, No. 4:19-cv-00949 (N.D. Cal.); *See, e.g., Cty. of Jim Wells v. Purdue Pharma L.P.*, No. 4:19-cv-03580 (S.D. Tex. 2019) (Rosenthal, C.J.); *Jim Hogg Cty. v. Purdue Pharma L.P.*, No. 4:19-cv-02816 (S.D. Tex. 2019) (Rosenthal, C.J.); *Cty. of Duval v. Purdue Pharma L.P.*, No. 4:19-cv-02504 (S.D. Tex. 2019) (Hittner, J.); *Ellis Cty. v. Walgreens Boot Alliance, Inc.*, No. 4:19-cv-02256 (S.D. Tex. 2019) (Hittner, J.); *Rockwall Cty. v. Purdue Pharma L.P.*, No. 4:19-cv-02181 (S.D. Tex. 2019) (Gilmore, J.); *Cty. of Walker v. OptumRx, Inc.,* No 4:19-cv-01767 (S.D. Tex. 2019) (Hughes, J.); *Kaufman Cty. v. Purdue Pharma L.P.,* No. 3:18-cv-02270-M (N.D. Tex. 2018); *Gonzales Healthcare Sys. v. McKesson Corp.,* No. 1:18-cv-45867 (N.D. Tex. 2018); *City of Eagle Pass v. Purdue Pharma L.P.*, No. 2:18-cv-00051 (W.D. Tex. 2018); *El Campo Memorial Hosp. v. McKesson Corp.*, No. 4:18-cv-00751 (S.D. Tex. 2018); *City of Laredo v. Purdue Pharma L.P.*, No. 5:18-cv-00118 (S.D. Tex. 2018); *Cty. of Webb, Texas v. Purdue Pharma L.P.*, No. 5:18-cv-00011 (S.D. Tex. 2018); *Cty. of Zavala v. Purdue Pharma L.P.*, No. 2:18-cv-00052 (W.D. Tex. 2018*); Cty. of Montgomery v. Purdue Pharma L.P.*, No. 4:17-cv-03756 (S.D. Tex. 2017).

5909.  And on October 22, 2019, the JPML entered a conditional transfer order ("CTO"), finding that this action appears to "involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster."  CTO-117, JPML Dkt. No. 5676 (**Exhibit A**).  Plaintiffs filed an opposition on October 29, 2019.  As with the thousands of cases before this one, at one of its upcoming hearings, the JPML will likely ultimately order the case transferred to the Opiate MDL.  There, Honorable Dan A. Polster, the presiding judge over the Opiate MDL, will consider and resolve Plaintiffs' remand motion along with the scores of other motions by other Plaintiffs presenting substantially similar issues.  Therefore, Kroger asks this Court to issue a temporary stay until the JPML decides whether to transfer this case.

## Background

On September 3, 2019, Plaintiffs filed their Complaint in the Circuit Court of Conecuh County, Alabama.  On October 9, 2019, Kroger removed this action on federal question and CAFA grounds.  On October 18, 2019, Plaintiffs filed a Motion to Remand.  Dkt. No. 7.  Contemporaneously with this Motion, Kroger files its Response to Plaintiffs' Emergency Motion to Remand.

## Argument

This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to stay proceedings, "the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."  *Estate of Brockel ex rel. Brockel v. Purdue Pharma L.P.,* No.

CV 17-00521-KD-MU, 2018 WL 3113912, at *3 (S.D. Ala. Feb. 27, 2018).

"[W]here a multi-district proceeding has been established, courts have routinely stayed motions pending rulings by the JPML." *Hess v. Volkswagen Grp. of Am., Inc.,* No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016). That is especially true when the MDL has already issued a conditional transfer order, as any delay is typically brief, and a stay would further the aim of judicial efficiency. Courts must "assess if a stay is 'better calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties.'" *Brockel*, 2018 WL 3113912, at *3.

Indeed, numerous courts have noted that "[t]he general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred [the case] to the MDL panel." *In re Diet Drug Litig.*, No. CV 11-9507 CAS (JEMx), 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012) (citation omitted); *accord Robinson v. DePuy Orthopedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (same); *Krieger v. Merck & Co., Inc.*, No. 05-CV-6338L, 2005 WL 2921640, at *1 (W.D.N.Y. Nov. 4, 2005) (same). With a conditional transfer order in place and all three factors weighing in favor of a stay, there is no reason to deviate from this "general rule" of granting a short stay until the JPML makes a transfer decision.

A.   **A Stay Would Promote Judicial Economy.**

As this Court has recently held, a stay would "provide uniformity through the nation as to how the issue" should be "resolved." *Brockel*, 2018 WL 3113912, at *7. Granting a stay under these circumstances would promote judicial economy because it would conserve the parties' and Court's resources, as well as avoid duplicative litigation. *Id.* at *7 (The Court found "that entry of a stay" to "allow the JMPL proceedings . . . to continue" was the proper course as "better

calculated to vindicate the interests of judicial economy, consistency of result, and minimization of prejudice to the parties."). Federal district courts across the country have stayed proceedings under analogous circumstances in more than 100 opioid-related cases like this one. *See*, **Exhibit B.**

If the JPML transfers this case to the Opiate MDL, the transferee judge can rule on all of the pending motions that present same or similar issues. *See In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("[T]he Panel has consistently given great weight to the transferee judges determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."); *Mangani v. Merck & Co.*, No. 2:06-cv-00914, 2006 WL 2707459, *2 (D. Nev. Sept. 19, 2006) ("[T]he interests of consistency, economy and fairness" support deferring consideration of Plaintiffs' motion because the MDL court "is gaining ample experience examining the relevant facts" necessary for assessing remand.). If the JPML does not transfer this case, this Court can address the remand motion at that time.

This Court and the Northern District of Alabama have both stayed proceedings or otherwise deferred consideration of pending remand motions presenting the same jurisdictional issue as Plaintiffs' remand motion until the JPML decides whether to transfer those actions to the MDL[3]. For example, in 2018, Chief United States District Judge Dubose, in this Court, stayed the proceedings in an opioid-related action. *See Brockel*, 2018 WL 3113912, at *3. Similarly, the Northern District of Alabama has also found that district courts should defer to the JPML and transferee court in instances such as this:

---

[3] Most recently, the Southern and Northern District of Alabama transferred related cases to the MDL before remand was decided: *Butler (Town of)* 1:18-cv-00060 (S.D. Ala.); *see* Doc. 5, "Order" staying proceedings; *Cherokee (Town of)* 3:17-cv-2086 (N.D. Ala.); *Jefferson County, et al.* 2:18-cv-626 (N.D. Ala.).

5

> Undoubtedly, the original district court has the power to decide motions before the case is actually transferred, but that does not mean that the original district court *should* exercise that power in its discretion. Regardless of whether the JPML found that the transferee judge is in the *best* position to decide motions to remand, it did decide that the existence of pending motions to remand in those cases should not prevent the transfer to the MDL of the cases in which they are pending.

*Hess*, 2016 WL 3483166, at *5. Accordingly, the Northern District of Alabama declined to reach the merits of the Plaintiffs' remand motion. *Id.* at *5. The Court stated that "where jurisdictional issues are common to other cases already pending before the MDL," those "common issues should be decided by the transferee court overseeing the related cases: the decision by the transferee court would provide consistency and promote judicial economy." *Id.* at *5. Thus, the Northern District held that the "considerations of consistency and judicial economy outweigh[ed] any potential prejudice to the Plaintiffs from a short stay of proceedings." *Hess*, 2016 WL 3483166, at *5. This Court should similarly allow the JPML to decide the issues at stake here in the interest of promoting judicial economy.

Federal district courts in approximately 100 opioid-related cases like this one have stayed proceedings in analogous circumstances. Indeed, courts routinely elect to stay removed cases pending a final transfer decision to an MDL.[4] Given that the JPML and the Opiate MDL

---

[4] *E.g.*, Order, *Takoma Regional Hospital P.*, No. 2:19-cv-157 (E. D. Tenn.) (granting motion to stay pending JPML decision); Order, *County of Jim Wells v. Purdue Pharma, L.P.*, No. 4:19-cv-03580 (S.D. Tex. October 4, 2019); Order, *The City of Rochester v. Purdue Pharma L.P.*, No. 6:19-cv-06490-FPG (W.D.N.Y. Sept. 23, 2019) (granting motion to stay pending JPML decision); Order, *City of Ogdensburg v. Purdue Pharma LP*, No. 8:19-cv-00782 (N.D.N.Y. Sept. 10, 2019) (same); Order, *City of Saratoga Springs v. Purdue Pharma LP*, No. 1:19-cv-00789 (N.D.N.Y. Sept. 10, 2019) (same); Order, *Cty. of Jim Hogg v. CVS Health Corp.*, No. 4:19-cv-02816 (S.D. Tex., Sept. 4, 2019) (same); Order, *Cty. of Walker v. Abbott Labs.*, No. 4:19-cv-01767 (S.D. Tex., July 15, 2019) (removed under CAFA, stayed, and transferred to the Opiate MDL); Order, *City of Norwich v. Purdue Pharma L.P.*, No. 3:19-cv-00770 (D. Conn., June 28, 2019) (same); Order, *Town of Enfield v. Purdue Pharma L.P.*, No. 3:19-cv-00789 (D. Conn., June 28, 2019) (same); Order, *Illinois v. Purdue Pharma L.P.*, No. 1:19-cv-2169 (N.D. Ill., Mar. 28, 2019) (same); Order, *Washington Cty. v. Cardinal Health, Inc.*, No. 2:18-cv-01706 (S.D. Ohio, Dec. 14, 2018) (same); Order, *Meigs Cty. v. Cardinal Health, Inc.*, No. 2:18-cv-01582 (S.D. Ohio, Apr. 3, 2019) (same); *Noble Cty. v. Cardinal Health, Inc.*, No. 2:18-cv-01379 (S.D. Ohio, Feb. 7, 2019) (same).

have seen and addressed scores of similar cases with similar removal issues, issuing a stay until the JPML decides whether to transfer is by far the most efficient approach.

In addition, staying the action until the JPML can determine whether to grant the transfer will prevent conflict between pre-trial rulings made by this Court and subsequent decisions of the district court where the actions are consolidated. As other courts have recognized, a temporary stay in this situation will ensure consistent adjudication of the issues this case shares with others in the Opiate MDL. For example, in *Noble County v. Cardinal Health, Inc.*, No. 2:18-cv-01379 (S.D. Ohio) ("*Noble Cty.*"), Defendants filed a motion to stay and Plaintiff Noble County responded with a motion to remand. Mot. to Stay, *Noble Cty.* (Nov. 21, 2018); Mot. to Remand, *Noble Cty.* (Nov. 29, 2018). The United States District Court for the Southern District of Ohio deferred decision on the merits of Noble County's remand motion to Judge Polster. Order Denying Pl.s' Emergency Omnibus Mot. to Remand, *Noble Cty.* (Dec. 14, 2018) (Dkt. No. 14-3). In so doing, Chief Judge Edmund A. Sargus, Jr. observed:

> "Consideration of the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact coordinated, any hardship and inequity to the Moving Defendants if the action is not stayed, and any potential prejudice to Noble County and mylan Bertek leads the Court to conclude that these factors weigh in favor of staying this case pending a decision from the JPML on whether to transfer this case to the Opiate MDL."

*Id*. at 3.[5] The Court further explained in its Order granting defendants' motion to stay: "If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants may be needlessly repeated. This duplicative

---

[5] Defendants filed identical motions to stay in the *Meigs County* and *Washington County* cases, which were met with similar opposition from Plaintiffs. *See Meigs Cty.*, S.D. Ohio, ECF Nos. 26, 30, 31; *Washington Cty.*, S.D. Ohio, ECF Nos. 21, 26, 27. Plaintiffs and Mylan also filed motions to remand in these two cases as well. *See Meigs Cty.*, S.D. Ohio, ECF Nos. 27, 28; *Washington Cty.*, S.D. Ohio, ECF Nos. 24, 25. Each of these cases was later stayed and transferred to the MDL.

litigation could cause hardship and inequity to the moving party." See **Exhibit C**, *Noble Cty*, Doc. No. 43, No. 38. The Court recognized that, if the case is transferred, "the MDL court will add the case to those in which it is considering any and all pretrial matters." *Id*. at 4.

Similarly, in *County of Jim Hogg v. CVS Health Corp.*, No. 4:19-cv-02816 (S.D. Tex.), ("*Jim Hogg*") (Dkt. No. 14-2), defendants moved to stay the action pending transfer to the JPML (Defs.' Mtn. to Stay, *Jim Hogg* (Aug. 19, 2019)), and Plaintiff sought remand (Pl.'s Mtn. to Remand, *Jim Hogg* (Aug. 20, 2019)). Finding that the case presented "similar removal issues" as the cases consolidated in the Opiate MDL, the Court granted a stay. Order at 4, *Jim Hogg* (Sept. 4, 2019). The Court reasoned: "Other cases consolidated before the MDL transferee court in Ohio present similar removal issues, making a stay appropriate to avoid duplicative litigation of those issues, to improve judicial economy, and to reduce the risk of inconsistent results." *Id.*

This is precisely the goal of the Opiate MDL—to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017); *see also Village of Melrose Park v. McKesson Corp.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), ECF No. 26 ("[T]he JPML has determined that centralization of opioid litigation is proper due to common questions of fact and that transfer should not be delayed pending rulings on remand motions."); *Kentucky* v. *McKesson Corp*., No. 3:18-cv-00010 (E.D. Ky., Apr. 12, 2018), ECF No. 14 ("Judge Polster has indicated his desire to address motions to remand *collectively* . . . .") (emphasis added). Permitting this case to proceed on a separate track would frustrate the JPML's creation of the Opiate MDL. In order to ensure consistent rulings on *all* theories of removal among identically situated plaintiffs, a stay is likewise needed here.

Plaintiffs point to a remand opinion in *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802 (M.D. Tenn. 2019), arguing the same result should hold here. As an initial matter, that case turned on an interpretation of duties created under Tennessee law, specifically Tenn. Code Ann. § 53-11-401(a)(1). Tennessee law is not at issue here. Moreover, *Dunaway* does not even purport to address this court's jurisdiction under the Class Action Fairness Act ("CAFA") because that grounds for jurisdiction was not raised, unlike here. Approximately 50 cases removed on CAFA grounds have been stayed pending transfer or transferred to the Opiate MDL. *See* **Exhibit D.** Finally, Plaintiff wholly ignores that another federal court in Tennessee (like scores of others across the nation) considering nearly identical claims brought by a similarly-situated group of hospitals found it more appropriate to grant a stay to allow the MDL court to decide the jurisdictional issues. *See*, **Exhibit E**, Order, *Takoma Regional Hospital P.*, No. 2:19-cv-157 (E. D. Tenn.) (granting motion to stay pending JPML decision).

Plaintiffs also make much of a quote from *Dunaway* about wasting judicial resources. (Cite FN4). But Plaintiffs conveniently omit the original source of that quotation, *State v. United States Envtl. Prot. Agency*, No. 2:15-CV-2467, 2015 WL 5117699 (S.D. Ohio Sept. 1, 2015), wherein defendants sought and *were granted* a stay of proceedings pending ruling from the JPML on their motion to transfer. *Id*. at *1. That court explained:

> [D]efendants have established that the requested stay will serve judicial economy and the public interest. As noted supra, several petitions for appellate review remain pending in the Sixth Circuit. **It would be a waste of judicial resources for this case to proceed here if it is ultimately determined that it is the Sixth Circuit—or another circuit court—that is the appropriate court to consider plaintiffs' claims.** *See, e.g., Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, 2012 U.S. Dist. LEXIS 114480, at *4-5 (S.D. Ohio Aug. 14, 2012) ("[I]t would be inefficient for the parties to prepare, and for this Court to review, potentially lengthy briefs and for this Court to rule on the underlying issues in this case, only to have to revisit the parties' arguments in light of the Sixth Circuit's

9

> ruling[.]"). In short, defendants' have shown that a limited stay of proceedings in this case is warranted.

*Id*. at *2-3 (original source quote in bold).  The same should be true here.

Because the issue of whether removal is proper under any of the three grounds raised has arisen in cases that have already been transferred to the Opiate MDL, and cases that are likely to be transferred to the MDL, this Court should issue a stay to allow for consistent rulings on these jurisdictional issues.  *See* Order at 3, *Bd. of Cty. Comm'rs of Seminole Cty. v. Purdue Pharma, LP*, No. 6:18-cv-00372-JWL (E.D. Okla. Apr. 3, 2019) (**Exhibit F**) ("If all proceedings are not stayed at this time, defendants will suffer a hardship to the extent that they are subjected to a risk of inconsistent rulings on the same jurisdictional questions that are raised in Plaintiffs' remand motion and in many cases already before the MDL court.").

### B. Denying a Stay Would Cause Significant Hardship to Defendants.

Kroger and the other Distributor Defendants would face significant hardship in the absence of a stay.  Distributor Defendants are collectively involved in more than 2,000 opioid-related lawsuits across the country, and the central goal of the MDL is to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions."  Ex. A (citing JPML Dec. 5, 2017 Transfer Order).

Allowing this case to proceed on a separate track would frustrate this goal, forcing Kroger and the Distributor Defendants to litigate the same issues in multiple forums and materially complicating efforts to coordinate discovery across the hundreds of substantially similar cases that other plaintiffs across the country have filed.  *Brockel*, 2018 WL 3113912, at *3; *Hernandez v. ASNI, Inc.,* No. 2:15-CV-00078-LDG, 2015 WL 3932415 (D. Nev. June 24, 2015) (The "inequity to Defendant would be significant, as denying its request to stay proceedings would result in

duplicative litigation in multiple courts."). Furthermore, proceeding in multiple forums would increase the risk of inconsistent rulings.

### C. A Stay Would Cause Minimal, If Any, Prejudice to Plaintiffs.

Finally, Plaintiffs cannot identify any prejudice that it would suffer as the result of a stay. If the JPML does not transfer this case to the MDL, this Court can hear and decide Plaintiffs' remand motion at that time. As the Northern District of Alabama stated in *Hess,* "this court will then address the pending motions free of worry that it is duplicating efforts, that it is potentially providing an inconsistent ruling, or that, in the midst of drafting an opinion, the case will be whisked away through transfer order, leaving behind a waste of this court's own judicial resources." *Hess*, 2016 WL 3483166, at *5.

If the JPML transfers this case to the MDL, the Northern District of Ohio will ultimately decide Plaintiffs' remand motion. District Courts have previously recognized that there will be minimal harm in deferring ruling on Plaintiffs' pending remand motions until after a decision by the MDL Panel. *Terway v. Syngenta Seeds, LLC*, No. 2:16-cv-01587, 2016 WL 4435745, at *2 (D. Nev. Aug. 19, 2016) ("Although Plaintiffs' Motion to Remand may be briefly delayed as a result of the stay, the interest in efficiency and uniformity outweighs the potential prejudice of a delay in these circumstances."); *Takoma Reg'l Hosp. v. Purdue Pharma, L.P.*, No. 2:19-cv-157 at *1, 3 (E.D. Tenn. Oct. 4, 2019) ("months of delay in a case that would . . . probably take years to resolve is [not] likely to yield serious prejudice," but rather, is "simply the price of uniformity, which has long been—and for good reason—a central goal of the federal judiciary.").

Plaintiffs claim it will face prejudice in not having its motion heard, due to the Opiate MDL's moratorium on remand motions. However, numerous district courts have rejected this exact concern. *See Seminole Cty*. at 4 ("Plaintiff argues that the MDL court may not take up

its remand motion for some time and in fact has issued a moratorium on the filing of any more motions for remand. An actual prohibition is unlikely, however. . . . The Court is confident that Plaintiffs' remand motion would be heard and ruled by the MDL court in due time."); *see also* **Exhibit G**, *Osage Cty. v. Purdue Pharma L.P.*, No. 4:18-cv-00461-GKF-JFJ (N.D. Okla. Nov. 14, 2018) (granting motion to stay despite "moratorium" given Judge Polster's "preference for a 'framework' that would allow consistent resolution of remand motions"); *see Takoma Reg'l Hosp. v. Purdue Pharma, L.P.*, No. 2:19-cv-157 at *1, 3 (E.D. Tenn. Oct. 4, 2019).[6]

In the interests of judicial economy and efficiency, this Court should decline to address the removal issues in this case before the JPML has had a chance to render a final transfer decision. For example, to make a determination as to whether Plaintiffs' claims present a federal question, this Court will need to assess whether Plaintiffs' ostensibly state law claims actually depend on alleged duties that could only be derived from the federal Controlled Substances Act. The JPML has transferred scores of cases to the Opiate MDL that defendants removed on federal question grounds that are now pending before Judge Polster. *See,* **Exhibit H**.

To make a determination of removal jurisdiction under CAFA, this Court will have to assess: whether litigation of this case in federal court promotes CAFA's overall purpose; whether this lawsuit essentially is a class action suit; and, whether the statutory requirements of CAFA are satisfied. These same issues are already before Judge Polster in multiple other cases.

---

[6] District courts routinely come to this same conclusion. *See* Dkt. No. 14-2, *Jim Hogg*, ("The potential prejudice to the County if a stay is granted is from delay. That potential for prejudice is reduced by the relatively expeditious pace of the JPML's decision on transfer."); Order Granting Mot. to Stay at 3, *Rancheria v. McKesson Corp.*, No. 18-cv-02525 (N.D. Cal. July 16, 2018) ("[A]ny hardship resulting from that delay [associated with a stay] is outweighed by the benefits of centralized consideration of the jurisdictional issues raised in these [remand] motions."); *see also* R. & R. at 10-11, *City of Portland v. Purdue Pharma LP*, No. 2:18-cv-00282-NT (D. Me Nov. 28, 2018) ("[G]iven the potential judicial economy and efficiency that would be realized if the jurisdictional issue is resolved in the MDL with other similar cases . . . and given the lack of undue prejudice to Plaintiffs if the matters are stayed pending the transfer decision, a stay of the proceedings pending the JPML's decision whether to transfer the matters to the MDL is warranted.").

*See* **Exhibit D.** And Judge Polster has already denied remand in opioid-related actions removed on these grounds. *In re Nat'l Prescription Opiate Litig.*, 327 F. Supp. 3d 1064 (N.D. Ohio 2018). A stay in this case will ensure consistent adjudication of these jurisdictional issues. *Nguyen v. BP Expl. & Prod., Inc.,* No. H-10-2484, 2010 WL 3169316, at *2 (S.D. Tex. Aug. 9, 2010).

## Conclusion

For the foregoing reasons, Defendant Kroger respectfully requests that this Court stay all proceedings in this case, and defer consideration of Plaintiffs' motion to remand, pending a final decision by the JPML on whether to transfer this case to the Opiate MDL.

Submitted:    November 1, 2019.

Respectfully submitted,

/s/ Sela S. Blanton
Sela S. Blanton (STR063)
Elizabeth L. Nicholson (NIC059)
Bainbridge, Mims, Rogers & Smith, LLP
600 Luckie Drive, Suite 415
P.O. Box 530886
Birmingham, AL 35253
Main: (205) 879-1100
Fax: (205) 879-4300
sblanton@bainbridgemims.com
bnicholson@bainbridgemims.com
*Counsel for The Kroger Co.,*
*Kroger Limited Partnership II*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2019, I filed the foregoing documents with the Clerk of Court which will serve all counsel of record by electronic mail.

                                        */s/ Sela S. Blanton*
                                        Of Counsel

11416423.1