**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| The DCH Health Care Authority, *et al.*, | |
| Plaintiffs, | Case No. 1:19-cv-00756-WS-C |
| v. | |
| Purdue Pharma L.P., *et al*., | |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO MOTION FOR A TEMPORARY STAY**

COME NOW Plaintiffs, The DCH Health Care Authority, The Healthcare Authority For Baptist Health, An Affiliate Of UAB Health System, Medical West Hospital Authority, An Affiliate Of UAB Health System, Evergreen Medical Center, LLC, Gilliard Health Services, Inc., Crestwood Healthcare, L.P., Triad Of Alabama, LLC, QHG Of Enterprise, Inc., Affinity Hospital, LLC, Gadsden Regional Medical Center, LLC, Foley Hospital Corporation, The Health Care Authority Of Clarke County, Alabama, BBH PBMC, LLC, BBH, WBMC, LLC, BBH SBMC, LLC, BBH CBMC, LLC, and BBH BMC, LLC. (collectively "Plaintiffs") and move the Court to deny the Motion by Kroger Co. and Kroger Limited Partnership II ("Kroger") for a temporary stay pending likely transfer to multidistrict litigation.

No federal court has subject matter jurisdiction over this case originally filed in Alabama state court seeking remedies pursuant to Alabama laws. Transfer of this case to MDL No. 2804 will not further the convenience of the parties or the witnesses because Plaintiffs filed this action in Alabama, in an area where they operate and where the harms under Alabama state laws occurred. Transfer of this case to MDL No. 2804 will not advance the just and efficient conduct of this case.

Rather, such a transfer would be an improper exercise of federal jurisdiction and severely prejudice the Plaintiffs by indefinitely tying them up in the procedural knot of the federal opioids MDL. The matter belongs before an Alabama state court where Plaintiffs stand a chance of moving the litigation forward and resolving their claims. Plaintiffs urge the Panel to vacate CTO-117 as it relates to Plaintiffs' case.

## I. PROCEDURAL HISTORY

1. Plaintiffs filed their complaint on September 3, 2019, in the Circuit Court of Conecuh County, Alabama, where jurisdiction and venue are proper. Plaintiffs operate hospitals located throughout Alabama; areas hit hard by the opioids crisis. Plaintiffs assert six claims in their complaint: negligence, public nuisance, unjust enrichment, fraud and deceit, wantonness and civil conspiracy -common law claims against Defendants. No claims asserted by Plaintiffs arise under any federal statutes.

2. On October 9, 2019, Defendants Kroger Co. and Kroger Limited Partnership II ("Kroger") filed a Notice of Removal, citing 28 U.S.C. §§ 1331, 1441, 1446, 1453 and 1367 as their bases for removal.

3. On October 18, 2019, Plaintiffs filed their Emergency Motion to Remand and Memorandum in the Southern District of Alabama. Plaintiffs requested that the court remand their case based on the federal courts' lack of subject matter jurisdiction to decide a case alleging only state law claims. *See Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013) (noting that under the well-pleaded complaint rule, if the plaintiff's complaint relies only on state law claims, the case may not be removed). Plaintiffs further argued that Defendant Kroger had done nothing to establish federal subject matter jurisdiction by pointing to references to the Controlled Substances Act ("CSA"), which provides neither a private right of action nor a basis for federal jurisdiction

since the issues arising under the CSA are not "substantial federal questions" that must be resolved. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (rejecting opinion that "where a state law incorporates federal law as the applicable state standard . . . this is enough to create federal-question jurisdiction"). Plaintiffs' state law claims do not depend exclusively on their duties under the CSA, or any other federal laws, and can be determined without reference to federal laws. Under these circumstances, Plaintiffs argued, a federal court does not have subject matter jurisdiction over their state law claims and must remand their case.

4. On October 22, 2019, the U.S. Judicial Panel on Multidistrict Litigation filed Conditional Transfer Order 117, (CTO-117), which identified *The DCH Health Care Authority et al. v. Purdue Pharma, L.P., et al., Case No. 1:19-cv-00756* pending in the Southern District of Alabama, as an action that appeared to involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio. The case was conditionally assigned to Judge Polster, pending timely filing of notices of opposition and further Panel orders.

5. On October 29, 2019, Plaintiffs timely filed a Notice of Opposition to the inclusion of their case in MDL 2804.

6. On November 1, 2019, Kroger filed a Motion for a temporary stay pending likely transfer to multidistrict litigation and a response to Plaintiffs' Emergency Motion to Remand.

7. On November 8, 2019 Plaintiffs filed their Reply to Kroger's Opposition to Plaintiffs' Motion to Remand.

**II. ARGUMENT**

The Defendants argue that this Court should stay any decision pending a decision by the JPML court.

The JPML was created by Congress to consolidate civil actions "involving one or more common questions of fact" as long as it was determined "that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. 1407(a). *See also* H.R. Rep. No. 1130, 90th Cong. 2nd Session, 1968 USCCAN 1898, 1900 (explaining that pretrial consolidation "must involve one or more common questions of fact [and] promote the 'just and efficient conduct' of such actions . . . for 'the convenience of parties and witnesses.'"). However, shared common questions of fact alone may not be enough to merit transfer to an MDL. The JPML has held on more than one occasion that "centralization under Section 1407 should be the last solution after considered review of all other options." *See In re: Truvia Nat. Sweetener Mktg. and Sales Practices Litig.*, 996 F. Supp. 2d 1377, 1378 (U.S. Jud. Pan. Mult. Lit. 2014) (citing *In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011)). The JPML must also weigh the interests of all the plaintiffs and all the defendants to determine whether a transfer to an MDL is appropriate. *See, e.g.*, *In re Stirling Homex Corp. Sec. Litig*, 442 F. Supp. 547, 550 (J.P.M.L Case 1977); *In re Nat'l Student Mktg. Litig., 368 F. Supp*. 1311, 1317 (J.P.M.L. 1972); *In re Library Editions of Children's Book Litig*, 297 F. Supp. 385, 386 (J.P.M.L. 1968). JPML-issued conditional transfer orders sending cases to MDLs, are "simply an administrative act of the Clerk which can be and will be vacated upon the showing of good cause by any party." *In re Grain Shipments*, 319 F. Supp. 533, 534 (M.D.L. 1970) (citing *In re IBM Antitrust Litigation*, 316 F. Supp. 976 (J.P.M.L. August 13, 1970) (concluding that "in spite of a few common fact questions resulting from the common defendant, the just and efficient conduct of the actions will not be promoted by transfer" to an existing MDL). In this case, good cause to vacate CTO-117 exists because (a) there is not federal subject matter jurisdiction over Plaintiffs' state court claims, and

(b) the transfer does not promote the just and efficient resolution of the actions and would be inconvenient to Plaintiffs and their witnesses.

### A. This Court Should Remand this Case for Lack of Federal Jurisdiction

The Supreme Court has long held that, "[w]ithout jurisdiction[,]" this Court, and any other court, "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869). Congress agrees, and has made clear that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Notwithstanding the lack of diversity jurisdiction, the lack of a federal claim, and the lack of any other plausible basis for federal jurisdiction, Defendant Kroger removed this action to the Southern District of Alabama, resulting in CTO-117 and the conditional transfer of this case to this Court. Defendants in the opioids cases have been doing so systematically in opioid-related litigations around the country, undeterred by a succession of adverse decisions in federal courts granting motions to remand. Defendants' pattern of unjustified removals has likewise resulted in the JPML vacating conditional transfer orders of similar cases brought by hospitals in state courts which were remanded for lack of jurisdiction of the federal courts. *See*, *e.g.*, *In re: National Prescription Opiate Litigation*, MDL 2804, Doc. No. 5415, (Aug. 27, 2019) (Order Vacating Conditional Transfer Order as to *Kingman Hospital Inc. v. Purdue Pharma L.P.*, C.A. No. 3:19-08240 (D. Ariz.); Doc. No. 3307 (Dec. 21, 2018) (Order Vacating Conditional Transfer Order as to *Tucson Medical Center v. Purdue Pharma LP*, C.A. No. 4:18-00532).

Here, too, there is no basis for federal jurisdiction. Plaintiffs pleaded only Alabama state law claims, as the Plaintiffs did in *Dunaway*, 391 F. Supp. 3d at 812 (M.D. Tenn. May 22, 2019). Accordingly, as the court decided in *Dunaway*, there is no plausible basis for federal jurisdiction under 28 U.S.C. § 1441(a). *Dunaway*, 391 F. Supp. 3d at 813-814. Nor is there any particularly novel issue presented by Defendant Kroger's' removal here. Federal courts across the country have rejected Defendant's purported bases for federal jurisdiction and remanded such actions back to state court.1 For example, similar to the acute-care hospital plaintiffs in *Tucson Medical Center v. Purdue Pharma LP*, No. CV-18- 00532-TUC-RCC, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) and *Kingman Hospital Inc. v. Purdue Pharma LP*, No. CV-19-08240-PCT-JJT, 2019 WL 4024773 (D. Ariz. Aug. 27, 2019), Plaintiffs here are Alabama hospitals. Like the Arizona hospital plaintiffs, Plaintiffs here brought state law claims, pursuant to state laws, alleging a substantially similar jurisdiction existed. *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 1987, at 3 (N.D. Ohio July, 24, 2019) (remanding actions brought by Jefferson County and Franklin County to a state court in Missouri, finding that "[t]here are no federal causes of action, and the claim of federal jurisdiction by the removing Defendant is very tenuous"); *County of Kern v. Purdue Pharma L.P.*, Case No. 1:19-cv-00557-LJO-JLT, 2019 WL 3310668 (E.D. Cal. July 23, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Mecklenburg Cnty. v. Purdue Pharma, L.P.*, Civil Action No. 3:19-cv-463, 2019 WL 3207795 (E.D. Va. July 16, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Illinois Public Risk Fund v. Purdue Pharma L.P.*, Case No. 19 C 3210, 2019 WL 3080929 (N.D. Ill. July 15, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of El Monte v. Perdue Pharma L.P.*, Case No. 2:19-cv-03588-JFW-PLA, Doc. No. 39 (C.D. Cal. June 18, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. Bd.*

*of Arlington Cty. v. Purdue Pharma, L.P.*, No. 1:19-cv-402, ECF No. 63 (E.D. Va. May 6, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *Dunaway v. Purdue Pharma, L.P.*, 391 F. Supp. 3d 802, 816 (M.D. Tenn. May 22, 2019) (granting motion to remand, finding no federal question jurisdiction existed); *City of Boston v. Purdue Pharma L.P.*, No. 1:18-cv-12174, Doc. 32 (D. Mass. Jan. 29, 2019) (granting motion to remand, finding no federal question jurisdiction); *Tucson Medical Center v. Purdue Pharma*, 2018 WL 6629659 (D. Ariz. Dec. 19, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *City of Reno v. Purdue Pharma, L.P.*, 2018 WL 5730158 (D. Nev. Nov. 28, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *In Re: Nat'l Prescription Opiate Litig.*, MDL No. 2804, Doc. No. 899 (N.D. Ohio Aug, 23, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Cty. of Anderson v. Rite Aid of S.C., Inc.*, 2018 WL 8800188, at *10 (D.S.C. Aug. 20, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Weber County, Utah v. Purdue Pharma, L.P.*, 2018 WL 3747846 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Uintah County, Utah v. Purdue Pharma, L.P.*, Case No. 2:18-cv- 00585-RJS, 2018 WL 3747847 (D. Utah Aug. 7, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *New Mexico ex rel. Balderas v. Purdue Pharma, L.P.*, 323 F. Supp. 3d 1242 (D. N.M. June 12, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *Delaware v. Purdue Pharma L.P.*, Case No. 1:18-cv-383-RGA, 2018 WL 1942363 (D. Del. Apr. 25, 2018) (granting motion to remand, finding no federal question jurisdiction existed); *State of West Virginia ex rel. Morrisey v. McKesson Corp.*, Civil Action No. 16-1772, 2017 WL 357307 (S.D. W. Va. Jan. 24, 2017) (granting motion to remand, finding no federal question jurisdiction existed).

Despite the similarities in the claims brought under Arizona state laws and the claims here, Defendants repeat the same lines of arguments that were raised and found unpersuasive in *Tucson Medical Center* and *Kingman Hospital*. This Court should likewise remand this case with regard to *The DCH Regional Medical Center*.

### B. Transfer to MDL 2804 Will Delay Resolution of Plaintiffs' Claims, Causing Prejudice to Plaintiffs

Given Defendant Kroger's knowledge of adverse decisions by numerous federal courts rejecting their "federal question" argument in removal proceedings, and given the court in *Dunaway* has followed the other federal courts and reached the same conclusion on the same issue, the only possible purpose for Defendant to remove this case was to delay the resolution of Plaintiffs' claims by orchestrating the transfer of the case into the MDL. Defendant Kroger has not removed this action because there is a plausible basis for federal jurisdiction. They have done so because they hope to delay any substantive development of Plaintiffs' case interminably. Specifically, they are trying to improperly force this action to disappear into the traffic jam that is the opioid multi-district litigation ("MDL"). Such a transfer would penalize the Plaintiffs by indefinitely delaying a decision on their motion to remand and denying them their chosen forum for litigation. *See In re Air Crash Disaster Near Silver Plume, Colorado, on Oct. 2, 1970*, 368 F. Supp. 810, 811 (J.P.M.L. 1973) (finding transfer to MDL should not be used "as a means of further delaying a final resolution" of claims and vacating the relevant CTO). If this Court does not act expeditiously, given that the MDL court has placed a moratorium on all motions to remand,2 Defendant Kroger's delay strategy will successfully delay Plaintiffs' pursuit of justice.

### III. CONCLUSION

Plaintiffs asserted only state law causes of action. Thus, this action is not embraced by the plain terms of the removal statute, which *only* permits removal if federal courts have original

jurisdiction. Because Plaintiffs' action raises exclusively state law claims, the Court should move swiftly and decisively to thwart Defendant Kroger's attempt to abuse the mechanism of removal of state law claims to a federal court, and subsequent transfer to MDL 2804, which should be reserved only for those cases that truly belong there. The Circuit Court for Conecuh County, Alabama is the proper forum for this case.

For the foregoing reasons, Plaintiffs request that Court deny the stay and enter an Order remanding this cause of action.

Dated: November 12, 2019.   Respectfully submitted,

/s/ *Robert C. King*
ROBERT C. KING
KINGR5992
*Attorney for All Plaintiffs*
THE KING LAW FIRM, P.C.
36 W. Claiborne St.
Monroeville, AL 36460
Telephone: (251) 575-3434
Facsimile: (251) 575-3003
Email: rcking@frontiernet.net

/s/ *Lloyd Copeland*
LLOYD COPELAND
COPW3831
*Attorney for All Plaintiffs*
Taylor Martino, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
E-Mail: lloyd@taylormartino.com

Steven A. Martino
*Attorney for All Plaintiffs*
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
E-Mail: stevemartino@taylormartino.com

Johnson Russell Gibson, III
*Attorney for Plaintiff The DCH
Health Care Authority*
JOHNSON RUSSELL GIBSON, III GIB005
Phelps, Jenkins, Gibson & Fowler, LLP
P.O. Box 020848
Tuscaloosa, AL 35402-0848
Email: RGibson@pjgf.com

John W. ("Don") Barrett
Sterling Starns
David McMullan, Jr.
Richard Barrett
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Telephone: (662) 834-2488
Facsimile: (662) 834-2628
dbarrett@barrettlawgroup.com
sstarns@barrettlawgroup.com
dmcmullan@barrettlawgroup.com
rrb@rrblawfirm.net

Jonathan W. Cuneo
Monica Miller
Mark H. Dubester
David L. Black
Jennifer E. Kelly
Evelyn Li
CUNEO GILBERT & LADUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone: (202)789-3960
jonc@cuneolaw.com
monica@cuneolaw.com
mark@cuneolaw.com
dblack@cuneolaw.com
jkelly@cuneolaw.com
evelyn@cuneolaw.com

**CERTIFICATE OF SERVICE**

  I, Robert C. King, do hereby certify that I have on November 12, 2019, electronically filed the foregoing with the Clerk of the Court using the CM/ECF CM/ECF system. Notice of this filing will be sent by operation of the Court's system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

              Thomas E. Walker (ASB-4697-E57T)
              H. Eli Lightner II (ASB-0138-N71L)
              WHITE ARNOLD & DOWD P.C.
              2025 Third Avenue North, Suite 500
              Birmingham, Alabama  35203
              Telephone:  (205) 323-1888
              Facsimile:  (205) 323-8907
              twalker@whitearnolddowd.com
              elightner@whitearnolddowd.com

              Paul J. Cosgrove
              ULMER & BERNE LLP
              600 Vine Street, Suite 2800
              Cincinnati, Ohio 45202
              Telephone:  (513) 698-5000
              Facsimile:  (513) 698-5001
              pcosgrove@ulmer.com

              Sarah Miller Benoit, Esq.
              Joshua A. Klarfeld, Esq.
              ULMER & BERNE LLP
              600 Vine Street, Suite 2800
              Cincinnati, Ohio 45202
              614-229-0016
              sbenoit@ulmer.com
              jklarfeld@ulmer.com

              *Attorneys for Defendants Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals LLC*

              Sean O. Morris
              ARNOLD & PORTER KAYE SCHOLER LLP
              777 S. Figueroa St., Suite 4400
              Los Angeles, CA 90017
              Telephone:  (213) 243-4000
              sean.morris@arnoldporter.com

*Attorney for Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Par Pharmaceutical, Inc., and Par Pharmaceuticals Companies, Inc.*

Zachary A. Ciullo
Timothy Knapp
Michael Finnegan LeFevour
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Zac.ciullo@kirkland.com
tknapp@kirkland.com
Michael.lefevour@kirkland.com

Jennifer G. Levy
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 389-5000
jennifer.levy@kirkland.com

*Attorneys for Defendants Allergan Finance, LLC, Allergan Sales, LLC, and Allergan USA, Inc.*

Daniel G. Jarcho
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Telephone: (202) 239-3254
Facsimile: (202) 239-3333
daniel.jarcho@alston.com

Cari K. Dawson
Jenny A. Hergenrother
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
cari.dawson@alston.com
jenny.hergenrother@alston.com

*Attorneys for Defendant Noramco, Inc.*

Scott D. Powers

David Arlington
BAKER BOTTS LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
Telephone: (512) 322-2500
scott.powers@bakerbotts.com
david.arlington@bakerbotts.com

Kevin M. Sadler
BAKER BOTTS LLP
1001 Page Mill Rd., Bldg. One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
kevin.sadler@bakerbotts.com

*Attorneys for Defendant Assertio Therapeutics, Inc.*

Wendy West Feinstein
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre, 32 Floor
Pittsburgh, PA 15219-6401
Telephone: (412) 560-3300
wendy.feinstein@morganlewis.com

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., Actavis LLC, Actavis Pharma, Inc., and Cephalon, Inc.*

John A. McCauley
VENABLE LLP
750 E. Pratt St., Ste. 900
Baltimore, MD 21202
Telephone: (410) 244-7655
Facsimile: (410) 244-7742
JMcCauley@Venable.com

*Attorneys for Defendants Abbott Laboratories and Abbott Laboratories Inc.*

Traci J. Irvin
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
traci.irvin@ropesgray.com

*Attorneys for Defendants Mallinckrodt LLC and SpecGx LLC*

Charles C. Lifland
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
Telephone:  (213) 430-6000
clifland@omm.com

Christopher S. Berdy, Esq.
BUTLER SNOW
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203
205-297-2200
Fax: 205-297-2201
Chris.berdy@butlersnow.com

*Attorney for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.*

Sela S. Blanton
Elizabeth L. Nicholson
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
The Luckie Building, Suite 415
600 Luckie Drive (35223)
P. O. Box 530886
Birmingham, AL  35253
Telephone:  (205) 879-1100
Facsimile:  (205) 879-4300
sblanton@bainbridgemims.com
bnicholson@bainbridgemims.com

*Attorneys for Defendants The Kroger Co. and Kroger Limited Partnership II*

John A. Henig, Jr. (HEN019)
COPELAND, FRANCO, SCREWS & GILL, P.A.
444 South Perry Street (36104)
P. O. Box 347
Montgomery, AL  36101-0347
Telephone:  (334) 834-1180
Facsimile:  (334) 834-3172

henig@copelandfranco.com

***Attorney for Defendant Henry Schein, Inc.***

Enu Mainigi
Steven M. Pyser
Ashley W. Hardin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street NW
Washington, DC  20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
emainigi@wc.com
spyser@wc.com
ahardin@wc.com

***Attorneys for Defendant Cardinal Health, Inc.***

George R. Irvine, III (IRV001)
STONE CROSBY, P.C.
8820 U.S. Highway 90
Daphne, AL  36526
Telephone:  (251) 626-6696
Facsimile:  (251) 626-2617
girvin@stonecrosby.com

***Attorneys for Defendants Rite Aid of Alabama, Inc. and Rite Aid of Maryland, Inc.***

James W. Matthews
Katy E. Koski
Ana M. Francisco
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA  02199
Telephone:  (617) 342-4000
Facsimile:  (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
afrancisco@foley.com

***Attorneys for Defendant Anda, Inc.***

Christopher Lovrien

Sarah G. Conway
JONES DAY
55 S. Flower St., 50th Floor
Los Angeles, CA  90071
Telephone:  (213) 243-2629
cjlovrien@jonesday.com
sgconway@jonesday.com

*Attorneys for Defendants Walmart Inc. and Wal-Mart Stores East, LP*

H. Lanier Brown, II (ASB-1705-W51H)
J. Patrick Strubel (ASB-0401-J38S)
David L. Brown, Jr. (ASB-1312-I69D)
WATKINS & EAGER PLLC
1901 1st Avenue North, Suite 300
Birmingham, AL  35203
Telephone:  (205) 598-2110
lbrown@watkinseager.com
pstrubel@watskinseager.com
dbrown@watkinseager.com

*Attorneys for Defendants AmerisourceBergen Drug Corporation and H. D. Smith, LLC*

Anne Stone Sumblin
STONE SUMBLIN LAW LLC
600 Highway 52
P. O. Box 345
Kinston, AL  36453
Telephone:  (334) 565-3380
Facsimile:  (334) 565-3076
anne@stonesumblinlaw.com

Lester C. Houtz*
Alex J. Harris*
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO  80202
Telephone:  (303) 592-3100
Facsimile:  (303) 592-3140
les.houtz@bartlitbeck.com
alex.harris@bartlitbeck.com

*Attorneys for Defendants Walgreen Co. and Walgreen Eastern Co., Inc.*

Andrew P. Campbell
Cason M. Kirby
CAMPBELL PARTNERS, LLC
505 20th Street North, Suite 1600
Birmingham, AL  35203
Telephone:  (205) 224-0752
Facsimile:  (205) 383-2672
andy@campbellpartnerslaw.com
cason@campbellpartnerslaw.com

Conor B. O'Croinin
J. Michael Pardoe
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD  21202-1031
Telephone:  (410) 949-1160
Facsimile:  (410) 659-0436
cocroinin@zuckerman.com
mpardoe@zuckerman.com

*Attorneys for Defendants CVS Health Corporation, CVS Pharmacy, Inc., and CVS Indiana, L.L.C.*

John M. Potter
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94105
Telephone:  (415) 875-6600
johnpotter@quinnemanuel.com

Joseph Sarles
Jordan Alexander
QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
Telephone:  (213) 443-3000
josephsarles@quinnemanuel.com
jordanalexander@quinnemanuel.com

*Attorneys for Defendant Mark Timney*

Julie Porter

SALVATORE PRESCOTT & PORTER, PLLC
105 E. Main Street
Northville, Michigan 48167
248-679-8711
porter@spplawyers.com

*Attorney for Russell Gasdia*

Blair G. Mattei, Esq.
Michael Upchurch, Esq.
FRAZER GREENE UPCHURCH & BAKER
104 St. Francis Street, Suite 800
P. O. Box 1686 (36633)
Mobile, Alabama 36602
251-431-6020
251-431-6031 Direct
BGM@frazergreene.com
MEU@frazergreene.com
*Counsel for Purdue Pharma LP, Purdue Pharma, Inc. and The Purdue Frederick Company, Inc.*

Ricardo A. Woods, Esq.
BURR & FORMAN
11 N. Water Street, #22200
Mobile, Alabama 36602
251-344-5151
Rwoods@burr.com
*Counsel for Mitchell "Chip" Fisher, Lyndsie Fowler, Chris Hargrave, Brandon Hassenfuss and Joe Read*

Vanessa Weatherspoon
4621 Harvest Way
Montgomery, AL 36106-3138

Dated: November 12, 2019            /s/ Robert C. King          _____
                                    ROBERT C. KING