# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| DCH HEALTHCARE AUTHORITY, *et. al.,*<br><br>Plaintiffs,<br><br>vs.<br><br>PURDUE PHARMA L.P., *et. al.*,<br><br>Defendants. | C.A. No. 1:19-cv-00756-WS-C |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION BY KROGER CO. AND KROGER LIMITED PARTNERSHIP II FOR A TEMPORARY STAY PENDING LIKELY TRANSFER TO MULTIDISTRICT LITIGATION

Defendants Kroger Co. and Kroger Limited Partnership II ("Kroger") submit this Reply to Plaintiffs' Response to Kroger's motion for a temporary stay of all proceedings in this case until the Judicial Panel on Multidistrict Litigation ("JPML") renders a final decision on whether to transfer this action to the Multidistrict Litigation in the Northern District of Ohio, *In re National Prescription Opiate Litig.*, No. 1:17-md-2804 ("Opiate MDL").

Contrary to Plaintiffs' assertions that they would be prejudiced by remaining in Federal Court and joining the Opiate MDL, such action is in the best judicial interest of all parties. As explained more fully in the initial Motion to Stay, Plaintiffs' action is one of more than 2,300 substantially similar opioid-related lawsuits filed against similar Defendants. Participation in the Opiate MDL will allow all parties to benefit from the uniformity of the allegations, parties, and nuances involved in Plaintiffs' claims and will allow all parties an opportunity to streamline litigation, including the discovery process.

A stay in these types of actions is proper, routine, and viewed as the general practice of courts where cases are pending rulings by the JPML. *see Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *3 (N.D. Ala. June 27, 2016) and *In re Diet*

*Drug Litig.*, No. CV 11-9507 CAS (JEMx), 2012 WL 13012665, at *1 (C.D. Cal. Jan. 11, 2012). With a conditional transfer order in place and all three factors weighing in favor of a stay, there is no reason to deviate from this "general rule" of granting a short stay until the JPML makes a transfer decision.

As explained more fully in Kroger's initial motion to stay, this Court has the authority to stay proceedings where doing so would benefit the judicial economy of the litigation and where there would be no undue prejudice to the non-moving party. Here, not only would there be no prejudice to the nonmoving party, but the nonmoving party stands to enjoy the same benefits of litigating in the Opiate MDL. This is precisely the goal of the Opiate MDL—to consolidate these actions in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1379 (J.P.M.L. 2017); *see also Village of Melrose Park v. McKesson Corp.*, No. 1:18-cv-05288 (N.D. Ill. Aug. 10, 2018), ECF No. 26 ("[T]he JPML has determined that centralization of opioid litigation is proper due to common questions of fact and that transfer should not be delayed pending rulings on remand motions."); *Kentucky* v. *McKesson Corp*., No. 3:18-cv-00010 (E.D. Ky., Apr. 12, 2018), ECF No. 14 ("Judge Polster has indicated his desire to address motions to remand *collectively* . . . .") (emphasis added). Permitting this case to proceed on a separate track would frustrate the JPML's creation of the Opiate MDL. In order to ensure consistent rulings on *all* theories of removal among identically situated plaintiffs, a stay is needed in this action.

Kroger and the other Distributor Defendants would face significant hardship in the absence of a stay. Distributor Defendants are collectively involved in more than 2,000 opioid-related lawsuits across the country, and the central goal of the MDL is to consolidate these actions

in a single court to "substantially reduce the risk of duplicative discovery, minimize the possibility of inconsistent pretrial obligations, and prevent conflicting rulings on pretrial motions." Ex. A (citing JPML Dec. 5, 2017 Transfer Order). Allowing this case to proceed on a separate track would frustrate this goal, forcing the Defendants to duplicate litigation efforts and manage separate rulings from separate courts on identical issues of law and nearly identical issues of fact. The prejudice against the Defendants would be significant. Alternatively, Plaintiffs will not suffer prejudice if the Motion to Stay is granted. A stay will not deprive Plaintiffs of any rights or rulings pertaining to their claims.

In the interests of judicial economy and efficiency, this Court should issue a stay on this case until the JPML renders a final transfer decision. For the foregoing reasons, Defendant Kroger respectfully requests that this Court stay all proceedings in this case, and defer consideration of Plaintiffs' motion to remand, pending a final decision by the JPML on whether to transfer this case to the Opiate MDL.

Submitted:   November 19, 2019.

Respectfully submitted,

/s/ Sela S. Blanton_____
Sela S. Blanton (STR063)
Elizabeth L. Nicholson (NIC059)
Bainbridge, Mims, Rogers & Smith, LLP
600 Luckie Drive, Suite 415
P.O. Box 530886
Birmingham, AL 35253
Main: (205) 879-1100
Fax: (205) 879-4300
sblanton@bainbridgemims.com
bnicholson@bainbridgemims.com
*Counsel for The Kroger Co.,
Kroger Limited Partnership II*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2019, I filed the foregoing documents with the Clerk of Court which will serve all counsel of record by electronic mail.

                                    */s/ Sela S. Blanton*
                                    Of Counsel

11454033.1